UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 16-cv-60700-BLOOM/Valle**

GERALD P. LITTLE and
KELLY LITTLE,

    Plaintiffs,

v.

SETERUS, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Seterus, Inc.'s ("Defendant" or "Seterus") Motion for Summary Judgment, ECF No. [70] ("Motion"). Plaintiffs Gerald Little ("Mr. Little") and Kelly Little ("Mrs. Little") (together, "Littles" or "Plaintiffs"), filed a Response in Opposition to Defendant's Motion for Summary Judgment, ECF No. [81] ("Response"), on January 27, 2017. The Court has carefully reviewed the Motion, all supporting and opposing filings, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **Relevant Facts**

This action stems from Seterus's servicing of a residential mortgage loan. Mr. Little executed a note payable to Lehman Brothers Bank, FSB in the original principal amount of $315,000, ECF No. [69-1] at 7-15 (the "Loan"). *See* Seterus's Statement of Material Facts ("Def. SOMF"), ECF No. [69] ¶ 1.[1] The Loan was secured by a residential mortgage, ECF No.

---

[1] Where a fact is uncontroverted by the opposing party, the Court cites only to the originating Statement of Facts.

[69-1] at 17-40 (the "Mortgage"), signed by Mr. Little and Mrs. Little. Def. SOMF ¶ 2; Plaintiffs' Response to Seterus's Statement of Material Facts ("Pl. SOMF"), ECF No. [74] ¶ 2. Seterus began to service the Loan on August 2, 2010. Def. SOMF ¶ 4. On February 18, 2010, Aurora Loan Services LLC ("Aurora") filed a complaint against Plaintiffs in Broward County Circuit Court, seeking foreclosure. *Id*. ¶ 5. Aurora thereafter assigned the Mortgage to the Federal National Mortgage Association ("Fannie Mae") on March 8, 2012. *Id*. ¶ 6. On March 18, 2015, Mr. Little filed a complaint in federal court against Seterus alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes §§ 559.55-559.785, ("Prior Litigation"). *Id*. ¶¶ 7-8. On July 10, 2015, Mr. Little and Seterus, as the loan servicer for Fannie Mae, executed a loan modification agreement, ECF No. [69-1] at 47-56 (the "Loan Modification Agreement"), pursuant to which the escrow amounts were subject to adjustment. *Id*. ¶¶ 9-10, 12-13. As a result of the Loan Modification Agreement, the foreclosure proceeding was voluntarily dismissed. *Id*. ¶ 14. Subsequently, Mr. Little and Seterus entered into a settlement agreement with respect to the claims asserted in the Prior Litigation, and the case was dismissed with prejudice. *Id*. ¶ 16. The settlement agreement, ECF No. [69-1] at 58-64 (the "Settlement Agreement"), contains a general release of claims. *See* Settlement Agreement ¶ 5. Although Mrs. Little signed the Mortgage, she was not a signatory to either the Loan or the Loan Modification Agreement.

In the present case, Plaintiffs assert claims against Seterus for violations of the FDCPA, FCCPA, breach of contract, and negligence. *See* ECF No. [1] ("Complaint"). The claims stem from multiple alleged discrepancies in their account resulting from Seterus's improper escrow analysis beginning in September, 2015. Def. SOMF ¶ 15. Mr. Little first noticed a discrepancy

in his account statement in July, 2015.  Def. SOMF ¶ 17; Pl. SOMF ¶ 17.  However, Plaintiffs assert that although they were aware of a significant misapplication of funds with respect to their escrow account, they were lead to believe by Seterus's December 2015 account statement that the error had been corrected.  Pl. SOMF ¶ 22.  Nevertheless, the discrepancies varied and continued to occur from December, 2015 through the start of this year.  *Id*. ¶ 17.  As a result of the repeated uncertainties with respect to their loan, Plaintiffs have experienced mental and physical distress.  *Id*. ¶¶ 25-27.

## II.  Legal Standard

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The parties may support their positions by citation to the record, including inter alia, depositions, documents, affidavits, or declarations.  Fed. R. Civ. P. 56(c).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party."  *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Id*. (quoting *Anderson*, 477 U.S. at 247-48).  The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor.  *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.  Further, the Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). It is through this lens that the Court analyzes the instant Motion.

**III.   Discussion**

Seterus advances four principal arguments in support of summary judgment. First, Seterus argues that Mr. Little's claims are barred by the releases contained in the Settlement Agreement. Next, Seterus argues that the Littles' breach of contract claim fails for lack of damages. Third, Seterus argues that the Littles' negligence claim fails because Seterus did not owe them a duty under the Loan Modification Agreement. Finally, Seterus argues that Mrs. Little lacks standing to assert any claims because she was not a party to the Loan or the Loan Modification Agreement.

A. Effect of the Settlement Agreement

It is undisputed that Mr. Little signed a general release of claims with respect to the Prior Litigation. "Releases are a form of contract, and therefore, must be interpreted pursuant to contract law." *Allapattah Servs., Inc. v. Exxon Corp.*, 188 F.R.D. 667, 682 (S.D. Fla. 1999) (internal citations omitted). "A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) (quoting *Med. Ctr. Health Plan v. Brick*, 572 So. 2d 548, 551 (Fla. 1st DCA 1990)). The Settlement Agreement states, in pertinent part, as follows:

> Upon the execution of this Agreement and without need for further documentation, Plaintiff[], on behalf of himself . . . hereby releases and forever discharges Seterus . . . of and from any and all claims under the FDCPA and the FCCPA, defenses, charges, allegations, demands, actions, causes of action, counterclaims, third-party claims, damages punitive damages, penalties, injuries, losses, costs attorneys' fees, expenses, compensation, and any and all incidental or consequential damages, whether known or unknown, resulting directly or indirectly from or arising in any way out of the Loan and/or the matters alleged in the Litigation and/or Foreclosure action, and/or any other matters relating thereto, which Plaintiff at any time up until the date of execution of this Agreement had or has against Seterus and/or any or all of the other Released Parties, whether or not now known, claimed, asserted, suspected or discoverable by Plaintiff and/or his attorneys . . . .

Settlement Agreement ¶ 5. The parties appear to agree that the Settlement Agreement bars any claims that arose up to the time of execution of the Agreement. *See* Motion at 6; Response at 4. However, Mr. Little asserts that the release does not include any future acts by Seterus. The Court disagrees. The Settlement Agreement goes on to state in no uncertain terms that,

> [b]y executing this Agreement, it is the full intent of the parties that Plaintiff releases Seterus and the other Released Parties of and from any and all liability for such unknown and/or unforeseen losses, costs, expenses, liabilities, claims, damages and consequences thereof, including those not known, recognized nor contemplated, resulting directly or indirectly from or arising in any

5

> way out of Plaintiff's Claims.  **A portion of the consideration herein is for the release of such unknown or future injuries or damages**.

Settlement Agreement ¶ 5 (emphasis added).  In the Response, the Littles do not address directly this language regarding the release of future claims, but instead attempt to cabin their claims outside the reach of the Settlement Agreement by arguing that the claims are independent from Seterus's original misrepresentation in the July 2015 mortgage statement.  The Court is unpersuaded.  This action stems from alleged errors contained in Seterus's account statements and the manner in which Seterus applied payments made by the Littles, including escrow analysis, scheduled disbursements, and assessment of fees and charges related to the Loan, which occurred prior to and after execution of the Settlement Agreement.  Regardless of the timing of the alleged errors, they are all related.  As such, the Littles' FDCPA and FCCPA claims fall squarely within the language of the releases contained within the Settlement Agreement, and are therefore barred.  The plain language in the Settlement Agreement compels this result and the Court may not rewrite those terms.

Furthermore, the Court finds that the Littles' breach of contract and negligence claims also fall within the purview of the releases.  Under Florida law, "a general release which is not restricted by its terms to particular claims or demands . . . will ordinarily be regarded as embracing all claims or demands which had matured at the time of its execution." *Gulf Grp. Holdings, Inc. v. Coast Asset Mgmt. Corp.*, 516 F. Supp. 2d 1253, 1268 (S.D. Fla. 2007) (citing *Sottile v. Gaines Constr. Co.*, 281 So. 2d 558, 561 (Fla. 3d DCA 1973) (internal quotations omitted).  As stated above, the Littles admittedly became aware of accounting errors upon review of Seterus's July 2015 mortgage statement.  *See* Def. SOMF ¶ 17; Pl. SOMF ¶ 17.[2]  As a result,

---

[2] Although the Littles dispute that the discrepancies they rely upon as a basis for their claims in

any claims related to such discrepancies or errors were released at the time of execution of the Settlement Agreement, and any future claims, per the terms of the Agreement. Accordingly, the Court need not address Seterus's remaining arguments with respect to the contract and negligence claims.

B. Mrs. Little's Standing

Seterus argues that Mrs. Little lacks standing to assert claims because she is not a party to the Loan or the Loan Modification Agreement and is therefore not a "consumer," as defined under the FDCPA. In response, the Littles argue that Mrs. Little has standing because she is a party to the Mortgage as modified, and that even though she is not a party to the Note, Seterus nevertheless mailed one letter to her threatening foreclosure. Response at 16.

Standing involves constitutional and prudential requirements. *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). In order for a plaintiff to have Article III standing, she must make a three-part showing: she has suffered 1) an injury-in-fact, 2) that is fairly traceable to the defendant's actions, and 3) likely to be redressed by a favorable decision. *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 873 (11th Cir. 2010) (internal citations omitted). Courts also apply prudential limits in addition to the constitutional requirement of standing. In general, a plaintiff "must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Furthermore, a plaintiff's claim "must fall within the zone of interests to be

---

the case at bar appeared on the July 2015 statement, they do not dispute that a discrepancy appeared on the July 2015 statement. The Court has previously rejected the Littles' attempts to distinguish the discrepancies, which are all related to Seterus's servicing of the loan.

7

protected or regulated by the statute . . . in question." *Id.* at 475 (quoting *Assoc. of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 153 (1970)).

Here, as in *Johnson*, Mrs. Little's claim does not fall within the zone of interests to be protected by the FDCPA (or FCCPA[3]) because she is not a debtor or "consumer" of the loan. 374 F. App'x at 874. Even though Mrs. Little is a signatory to the Mortgage, and designated a "borrower" under its terms, she is nevertheless not bound by the Note. The Mortgage states, in pertinent part:

> **13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligation and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"); **(a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument**; and (c) agrees that Lender and any other Borrower can agree to extend, modify forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Mortgage at 28 (emphasis added). By the express terms of the Mortgage, Mrs. Little granted or conveyed her interest in the property and was not personally obligated to pay the amounts due under the Loan. As such, the Littles fail to point to a cognizable duty owed to Mrs. Little. In *Johnson*, the Eleventh Circuit determined that an individual who was not a borrower or otherwise obligated on the subject loan, was not a "consumer" protected by the FDCPA, including sections 1692c-g. 374 F. App'x at 873-74.

---

[3] Florida Statutes section 559.77(5) states in pertinent part, "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

The Littles do not address *Johnson*, but rather argue that Mrs. Little's receipt of one letter with respect to the Loan confers standing, relying on *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012). However, the Littles' reliance on *Reese* is unavailing because, unlike in the case at bar, both plaintiffs in *Reese* were signatories to the promissory note. 678 F.3d at 1214. Furthermore, the court in *Reese* specifically drew a distinction between a promissory note—which is a promise to pay a debt—and a security interest—which is given as collateral in the event that a payment obligation is not fulfilled—in determining that the plaintiffs' obligation to pay off the promissory note was a "debt" under the FDCPA. *Id*. at 1216-17. Here, the relevant issue is not whether there is a "debt," but whether Mrs. Little is a "consumer" to which the FDCPA applies. Pursuant to *Johnson*, she is not. *See also Coburn v. Gonzalez*, 141 F. Supp. 3d 1339, 1341-42 (S.D. Fla. 2015) (plaintiff lacked standing to sue under FDCPA because she was not a party to the mortgage or promissory note, and therefore not a consumer). The fact that Mrs. Little received one letter from Seterus with respect to the Loan does not make her a "consumer." *See Solis v. CitiMortgage, Inc.*, 2016 U.S. Dist. LEXIS 150517, at *12 (S.D. Fla. Oct. 26, 2016) (where plaintiff, who was current owner of the property, but not a party to the loan, received a letter regarding outstanding amount due on underlying loan and was joined in foreclosure as an indispensable party, plaintiff was not a consumer and lacked standing under the FDCPA).

The Littles fail to establish the requirements for either Article III or prudential standing with respect to the FDCPA, FCCPA, breach of contract[4], or negligence claims. *Johnson*, 374 F. App'x at 873-74; *see also Shedd v. Wells Fargo Home Mortg., Inc.*, 2015 WL 6479537, at *4

---

[4] The Court notes that although the parties address the breach of contract claim as if made on behalf of both Plaintiffs, Count IV of the Amended Complaint, ECF No. [28], is stated only on behalf of Mr. Little, even though Mrs. Little apparently "suffered from headaches, stomach pains, and loss of sleep" due to Seterus's alleged breaches. *See* ECF No. [28] ¶¶ 130-135.

Case No. 16-cv-60700-BLOOM/Valle

(S.D. Ala. Oct. 26, 2015) (party who was a borrower under the mortgage but not obligated under the note had no standing under FDCPA, or to assert a claim for breach of contract).

## IV. Conclusion

For the reasons set forth above, Seterus's Motion, **ECF No. [70]**, is **GRANTED**.  The Court will enter final judgment by separate order.

**DONE AND ORDERED** in Miami, Florida, this 13th day of February, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record